ALICE M. STILLWELL, ADMINISTRATRIX, PLAINTIFF, v. PUBLIC SERVICE RAIYWAY COMPANY, DEFENDANT.

Argued June term, 1923—Decided November 8, 1923.

**Negligence—Trolley Car Collision With Milk Wagon—Witness Confronted With Written Statement at Variance With His Testimony.**

On rule to show cause.

For the plaintiff, *Alexander Simpson*.

For the defendant, *Leonard J. Tynan*.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

PER CURIAM.

The plaintiff's decedent was killed in a collision between a trolley car of the defendant company and a milk wagon belonging to the Keystone Dairy Company, in whose employ he was. The milk wagon was being driven by one Crist, who was an inspector of the dairy company, and was taking the decedent over a milk route, which the latter was expected to operate. The trial resulted in a verdict in favor of the plaintiff, the award being $15,000.

The first reason for making the rule absolute relates to the conduct of the trial court during the examination of one

Frost, the motorman of the trolley car. After having testified with relation to the accident, the witness was confronted with a written statement, signed by him, which varied considerably in certain details from his testimony, and he was examined upon that point. On re-examination he was asked the following question by counsel: "Mr. Frost, the facts as you related them the day before yesterday with respect to how this accident happened, are they the true facts? A. Yes, sir." Counsel for plaintiff then said, "Wait a minute, I want to get an objection in on this." The objection having been stated, the court said, "I sustain the objection." Thereupon an exception was taken to the ruling. We are inclined to think that this objection comes within the decision of the Court of Errors and Appeals in No. 79 of the June term, *Rubin* v. *Trowbridge Sign Co.*, where we held that an objection to testimony after it is in comes too late and that the action of the court is nugatory, unless there is a motion to strike it out. We think in any event that the exclusion was proper, for it merely asked the witness to reiterate his testimony already given on the witness-stand.

The next point is that the court erroneously charged the jury upon the question of the contributory negligence of the decedent, by saying that, if there was no relationship between the decedent and the driver of the milk wagon which would impute the negligence of the latter to him, the question of contributory negligence did not enter into the case. We are inclined to think this instruction proper. Contributory negligence is a defense and, although it is true that a passenger on a vehicle is charged with the duty of using reasonable care for his own safety, there is nothing in the proofs that show that the decedent did not exercise due care in anything that he did or in anything that he omitted to do, which a reasonably prudent man would not have done or would have omitted to do under the circumstances.

In *Clark* v. *Public Service Railway Co.*, 83 *N. J. L.* 319, Mr. Justice Garrison declared: "The plaintiff's contributory negligence was theoretically a question for the jury; but, as she was seated on the rear seat of the automobile and there

is no testimony as to any situation or circumstances bearing upon her negligence, the failure to leave the question to the jury should not disturb the verdict."

The other grounds for making the rule absolute are directed to the instructions to the jury on the ground of negligence, which left out any reference to negligence on the part of the decedent himslf, which we have already dealt with under the preceding objection.

It is contended that the case was improperly left to the jury upon the question whether the decedent or Crist was driving the milk wagon. The case, however, was tried upon the theory that Crist was the driver, and although the complaint alleges the decedent was driving at the time of the accident, the uncontradicted testimony was to the contrary, and there was no claim of surprise or injury by the defendant as a result of the course pursued.

The last point is directed to the instruction to the jury upon the question of the care required to be used by the motorman. The instruction is as follows: "The law requires that ordinary care be used in connection with the control that is exercised in the operation of the car, so that the car's progress may be slowed or entirely halted, if prudence requires that to be done, in behalf of the safety of those who are on its track or in its path." This instruction we think was erroneous. It overlooks the doctrine laid down by the Court of Errors and Appeals in *Geyer* v. *Public Service Railway Co.*, decided at the last March term, where he said: "The true rule is that it is the duty of the motorman, in approaching a street intersection, to have his car so far under control that he will not endanger the safety of a vehicle, driven with reasonable care, which may happen to cross the tracks in front of the trolley car."

This accident occurred at the intersection of two streets, known as Bridle way and Abbott boulevard. The trolley car was going along the boulevard, and the wagon came out of Bridle way. The charge of the court imposed upon the motorman the absolute responsibility of so controlling his car as not to endanger the persons on the milk wagon,

although they may have recklessly driven across in front of the car, and in that manner precipitated the collision. No exception was taken to this instruction, but, as was pointed out in the Clark case (83 *N. J. L.* 319), that fact is no bar to the setting aside of a verdict, on a rule to show cause, where the rule of law has been erroneously charged to the jury, to the manifest injury of the defendant.

The rule will be made absolute.